Victor **PIERRO**

v.

**STATES MARINE CORPORATION**
and
States Marine Corporation of Delaware.

Civ. A. No. 24467,
No. 175 of 1958, Admiralty.

United States District Court
E. D. Pennsylvania.
April 22, 1960.

Morris M. Shuster, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Robert Cox, Krusen, Evans & Shaw, Philadelphia, Pa., for defendants.

EGAN, District Judge.

Plaintiff, a member of the crew of defendants' ship S.S. "Hoosier State," claims that on November 26, 1957, while in the port of Pusan, Korea, he was injured in the course of his duties because of defendants' negligence and because of the unsafe and unseaworthy condition of the vessel. As is customary in such cases, he brought two suits against defendants, one in admiralty (No. 175 of 1958) and the other in tort (civil action No. 24467). They are consolidated for trial and pre-trial purposes.

The standing order of October 23, 1958 of this Court requires the filing of pre-trial memoranda by counsel in all cases. The order requires plaintiff's memorandum to contain, inter alia, the following:

"A. A brief summary statement of both the facts of the case and counsel's contentions as to the liability of defendant * * *."

The defendant's obligation is as follows:

"Defendant's counsel in his pre-trial memorandum shall note, with the same degree of particularity as required by plaintiff, under correspondingly lettered paragraphs, significant comments indicating areas of agreement or disagreement regarding the material in plaintiff's memorandum. Where there is disagreement with respect to items in paragraphs A, B, D or E, counsel should briefly set forth his client's contentions or position on such matters * * *."

Plaintiff has filed a pre-trial memorandum, paragraph A of which sets out, in some 28 lines, the plaintiff's account of the accident in issue, and, in 4 lines, the plaintiff's contentions as to the liability of the defendants, viz., defendants' negligence and the ship's unseaworthiness.

Paragraph A of the defendants' pre-trial memorandum admits that plaintiff was employed aboard the ship in ques-

tion, denies negligence or unseaworthiness, denies that plaintiff was injured during the scope of his employment, and avers that any injuries to the plaintiff were caused by his own negligence and gross misconduct. The defendants make no "significant comments indicating areas of agreement or disagreement" regarding the plaintiff's version of how the accident happened. They offer no statement of their own as to how, when, where, and under what circumstances the alleged accident happened, nor do they state whether or not an accident occurred.

Federal Rule of Civil Procedure 16, 28 U.S.C.A., provides that a pre-trial conference should consider:

"(1) The simplification of the issues;

\*   \*   \*   \*   \*   \*

"(3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

\*   \*   \*   \*   \*   \*

"(6) Such other matters as may aid in the disposition of the action."

We agree with the plaintiff's contention that the pre-trial Judge will not be able to conduct the pre-trial conference effectively unless he is aware of the areas of agreement and disagreement between the parties regarding the relevant facts. Accordingly we hold that defendants' pre-trial memorandum has failed to comply with the standing order of October 23, 1958.[1] The defendants will be required to file a pre-trial memorandum whose paragraph A indicates the areas of factual agreement and disagreement

between the parties and, in areas of disagreement, sets forth the defendants' contentions and position. It is so ordered.

---

1. The case cited by the defendants, Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80, actually supports the plaintiff's position, since there the Supreme Court stated that detailed facts need not be pleaded in a complaint because of "the liberal opportunity for dis- covery and the other pretrial procedures [including those under Rule 16] established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues." Id., 355 U.S. at pages 47–48, 78 S.Ct. at page 103.